SLIP OPINION

Cite as 2015 Ark. 151

# SUPREME COURT OF ARKANSAS

No. CR–14–857

| | | |
|---|---|---|
| | | Opinion Delivered April 9, 2015 |
| HERMAN L. WHITE | APPELLANT | APPEAL FROM THE HEMPSTEAD COUNTY CIRCUIT COURT [NO. CR–12–98-2] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE DUNCAN CULPEPPER, JUDGE |
| | APPELLEE | AFFIRMED. |

**ROBIN F. WYNNE, Associate Justice**

Herman L. White pled guilty to first-degree battery of a law enforcement officer acting in the line of duty and possession of a firearm by certain persons. He now appeals from the Hempstead County Circuit Court's order denying his petition for writ of error coram nobis. We affirm.

The instant offenses occurred on March 23, 2012, when Arkansas State Police Corporal Pete Penney initiated a traffic stop of the vehicle White was driving. White cooperated during field-sobriety testing, but he resisted when Corporal Penney attempted to place him under arrest for driving while intoxicated. White fired a .357 Magnum revolver at Corporal Penney, and Penney's body armor absorbed at least one round at close range. Penney returned fire, and White was hit. White was on probation at the time these events occurred.

During the pendency of the case, two psychological evaluations were performed on White: one at the Arkansas State Hospital on July 3, 2012, and one at the request of the defense on August 6, 2013. On November 18, 2013, White entered a negotiated plea of guilty to charges of first-degree battery of a law enforcement officer acting in the line of duty (a Class Y felony) and possession of a firearm by certain persons (a Class B felony), for which he was sentenced as a habitual offender with four or more prior felony convictions. White was facing a sentence of not less than ten and not more than life imprisonment for the Class Y felony; the State recommended sixty years' imprisonment. White was sentenced to sixty and forty years' imprisonment, respectively, to be served concurrently. He did not file a petition pursuant to Arkansas Rule of Criminal Procedure 37.1.

On March 20, 2014, White filed a petition for writ of error coram nobis in the Hempstead County Circuit Court.[1] Attached to the petition was a time computation card from the Arkansas Department of Correction indicating that White was required to serve one hundred percent of his sixty-year sentence for first-degree battery. White alleged that he was "adamant about wanting to go to trial" and that he "only agreed to plea after undersigned counsel advised him that he would be eligible for parole. Undersigned counsel made no guarantees about whether he would be paroled, but, undersigned counsel advised Mr. White that he would be paroled." White went on to allege in the petition that he was denied the right to effective assistance of counsel, causing him to accept a plea that was "not knowingly

---

[1]Because appellant pled guilty in this case, White was not required to petition this court to reinvest jurisdiction in the circuit court. *See, e.g.*, *McJames v. State*, 2010 Ark. 74.

entered upon advice of counsel," and to acknowledge that his recourse was the filing of a petition under Arkansas Rule of Criminal Procedure 37. Since the time for filing a Rule 37 petition had expired, White stated that he was left with no other remedy than to seek to have the judgment set aside with a petition for writ of error coram nobis. He stated:

> In the instant case, given Mr. White's education and mental capacity, he was easily coerced into pleading guilty. Prior to the plea, Mr. White was allowed to speak with his sisters while undersigned counsel was present. Mr. White's sisters explained the same advice that led him to enter into this plea.

White asked the circuit court to set aside the judgment and grant him a new trial. The State responded to the petition, and the circuit court entered an order denying it and citing a colloquy at the plea hearing that indicated that White understood that the Arkansas Department of Correction would determine his parole eligibility, regardless of what his attorney or the prosecutor believed. The circuit court found that White had not been denied effective assistance of counsel. White filed a timely notice of appeal from the order denying his petition for writ of error coram nobis.

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Howard v. State*, 2012 Ark. 177, at 4, 403 S.W.3d 38, 42. The function of the writ is to secure relief from a judgment rendered while there existed some fact which would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *Id*. The writ is issued only under compelling circumstances to achieve justice and to address errors of the most fundamental nature, and it is available to address only certain errors that are found in one of four categories: (1) insanity at the time

of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Nelson v. State*, 2014 Ark. 91, at 3, 431 S.W.3d 852, 854. The standard of review of a denial of a petition for writ of error coram nobis is whether the circuit court abused its discretion in denying the writ. *Wright v. State*, 2014 Ark. 25 (per curiam).

On appeal, White argues that he was vulnerable to coercion because of his illiteracy, age, poor health, and his "marginal capacity to effectively assist counsel with his defense despite scattered memory loss, " mental disease, and long-standing diffuse mental defects. He asserts that he relied heavily on his family for advice and counsel. Thus, White argues that when he spoke with his sisters prior to entering his plea, they coerced him into accepting the plea based on the incorrect belief that he would be eligible for parole. While White attempts to couch his claims in terms of a coerced-guilty plea, the actual basis for his claims is ineffective assistance of counsel with the underlying claim that his plea was not entered intelligently and voluntarily because of the erroneous advice he received regarding his parole eligibility. These are matters that can only be brought pursuant to Rule 37, not in a petition for writ of error coram nobis. *E.g.*, *Nelson v. State*, 2014 Ark. 91, at 5–6, 431 S.W.3d 852, 856 ("[W]e have been clear that error coram nobis proceedings are not a substitute for proceeding under Rule 37.1 to challenge the validity of a guilty plea, nor are the two proceedings interchangeable."). As White acknowledges in his brief, ineffective-assistance-of-counsel claims are not cognizable in error-coram-nobis proceedings under our state law and coram-nobis proceedings are not to be used as a substitute for claims

of ineffective assistance of counsel. *State v. Tejeda-Acosta*, 2013 Ark. 217, at 8, 427 S.W.3d 673, 678.

As for White's claim that his sisters coerced him into pleading guilty, he does not contend that they actually threatened him or did anything to make his plea entered under fear or duress; he merely alleges that his sisters incorrectly advised him that he would be eligible for parole, apparently repeating the erroneous advice of White's attorney. White claims that he "relied heavily upon his family for advice and counsel." White's allegations do not rise to the level of coercion, which is defined as "compulsion of a free agent by physical, moral, or economic force or threat of physical force." *Black's Law Dictionary* 315 (10th ed. 2014). Thus, White has submitted a bare allegation without any facts to support a finding that he was coerced into pleading guilty. *See Wright v. State*, 2014 Ark. 25 (per curiam) (holding that a claim that a guilty plea was coerced in the sense that it was involuntarily and unknowingly given as a result of erroneous advice did not constitute a coerced plea within the scope of a coram-nobis proceeding).

Because White's petition for writ of error coram nobis did not state a cognizable claim for relief, the circuit court did not abuse its discretion in denying his petition. Therefore, we affirm.

Affirmed.

*Willard Proctor, Jr., P.A.*, by: *Willard Proctor, Jr.*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.