Cite as 2018 Ark. 10

# SUPREME COURT OF ARKANSAS.

No. CR–17–636

| | |
|---|---|
| JAMES R. GRIFFIN<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** January 18, 2018<br><br>PRO SE MOTION FOR EXTENSION OF BRIEF TIME<br><br>[CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT, NO. 16JCR-15-751]<br><br><u>APPEAL DISMISSED; MOTION MOOT</u>. |

**JOHN DAN KEMP, Chief Justice**

Appellant James R. Griffin, who entered a plea of guilty to rape in 2016, lodged an appeal in this court from the denial by the trial court of his pro se petition for writ of error coram nobis. Now before us is Griffin's motion for extension of brief time. Because it is clear from the record that Griffin could not prevail on appeal, the appeal is dismissed. *See Justus v. State*, 2012 Ark. 91. The dismissal of the appeal renders the motion moot.

Griffin argued in his coram nobis petition that he would not have entered a guilty plea if he had been properly advised by his attorney. He argued that he was under duress when the plea was entered as the result of the poor advice by counsel and counsel's failure to effectively negotiate a plea bargain. He further asserted as grounds for the writ that no rape had occurred. As none of the claims were cognizable as a ground for the writ, the trial court did not err in denying the petition.

The standard of review of an order entered by the trial court on a petition for writ of error coram nobis is whether the trial court abused its discretion in granting or denying

the writ. *Newman v. State*, 2014 Ark. 7. An abuse of discretion occurs when the court acts arbitrarily or groundlessly. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852. There is no abuse of discretion in the denial of error coram nobis relief when the claims in the petition were groundless. *Id.*

A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. Error coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Nelson*, 2014 Ark. 91, at 3, 431 S.W.3d at 854.

With respect to Griffin's allegation that he was under duress when he entered his plea of guilty by virtue of improvident advice from his attorney, the claim is essentially an allegation of ineffective assistance of counsel with the underlying claim that his plea was not

2

entered intelligently and voluntarily because of the advice he received. The allegation can only be brought pursuant to Arkansas Rule of Criminal Procedure 37.1 (2016), not in a petition for writ of error coram nobis. *White v. State*, 2015 Ark. 151, 460 S.W.3d 285; *see also Nelson*, 2014 Ark. 91, 431 S.W.3d 852 (Error coram nobis proceedings are not a substitute for proceeding under Rule 37.1 to challenge the validity of a guilty plea, nor are the two proceedings interchangeable.). Ineffective-assistance-of-counsel claims are not cognizable in error coram nobis proceedings under our state law, and coram nobis proceedings are not to be used as a substitute for raising such claims of ineffective assistance of counsel under our postconviction rule. *State v. Tejeda-Acosta*, 2013 Ark. 217, at 8, 427 S.W.3d 673, 678.

To prevail on a claim that a writ of error coram nobis is warranted because a plea was coerced, the petitioner bears the burden of establishing that the plea was the result of fear, duress, or threats of mob violence as previously recognized by this court as grounds for a finding of coercion. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. Griffin did not meet that burden. An allegation that a guilty plea was coerced in the sense that it was involuntarily and unknowingly given as a result of erroneous advice does not constitute showing of a coerced plea within the scope of a coram nobis proceeding. *See White*, 2015 Ark. 151, 460 S.W.3d 285.

Griffin's claim that no rape occurred was a challenge to the sufficiency of the evidence to sustain the judgment. We have repeatedly held that attacks on the sufficiency of the evidence are not within the purview of a coram nobis proceeding. *Jackson v. State*, 2017 Ark. 195, 520 S.W.3d 242.

Finally, Griffin contended in his petition that a hearing should be held on his allegations. The trial court is not required to hold a hearing on a coram nobis petition if the petition clearly has no merit. Griffin's petition failed to state a cause of action to support issuance of the writ; accordingly, the trial court did not err in denying it without a hearing.

Appeal dismissed; motion moot.

HART, J., dissents.