SHAWN A. WOMACK, Associate Justice
Appellant Kenneth Ray Osburn appeals the denial and dismissal of his petition for writ of error coram nobis. Because the trial court did not abuse its discretion in denying relief, we affirm.
Osburn was initially convicted in the Ashley County Circuit Court of capital murder and kidnapping for the disappearance and death of a seventeen-year-old girl, but on appeal, this court reversed and remanded for a new trial because of evidentiary errors. Osburn v. State , 2009 Ark. 390, 326 S.W.3d 771. We held that custodial *776 statements Osburn made should not have been admitted, but the trial court had not erred in admitting the testimony of Connie Sparks, who testified about a similar incident that occurred twenty-seven years earlier. Id.
Following the remand, Osburn entered a negotiated guilty plea to kidnapping and second-degree murder for an aggregate sentence of 480 months' imprisonment.[1] Osburn sought postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2017) challenging the judgment on the plea, and the Arkansas Court of Appeals affirmed the denial of his petition. Osburn v. State , 2018 Ark. App. 97, 538 S.W.3d 258. Osburn then filed in the trial court the petition seeking the writ of error coram nobis that is the subject of this appeal.[2]
The standard of review of an order entered by the trial court on a petition for writ of error coram nobis is whether the trial court abused its discretion in granting or denying the writ. Griffin v. State , 2018 Ark. 10, 535 S.W.3d 261. An abuse of discretion occurs when the trial court acts arbitrarily or groundlessly. Id. The trial court's findings of fact on which it bases its decision to grant or deny the petition for writ of error coram nobis will not be reversed on appeal unless those findings are clearly erroneous or clearly against the preponderance of the evidence. Ramirez v. State , 2018 Ark. 32, 536 S.W.3d 614. There is no abuse of discretion in the denial of coram nobis relief when the claims in the petition were groundless. Griffin , 2018 Ark. 10, 535 S.W.3d 261.
A writ of error coram nobis is an extraordinarily rare remedy, and proceedings for the writ are attended by a strong presumption that the judgment of conviction is valid. Jackson v. State , 2018 Ark. 227, 549 S.W.3d 356. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. Id.
The writ is allowed under compelling circumstances to achieve justice and to address errors of the most fundamental nature. Rayford v. State , 2018 Ark. 183, 546 S.W.3d 475. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. Id.
On appeal, Osburn raises two points for reversal. In the first, he alleges error in the trial court's failure to issue the writ because he asserted that a violation of Brady v. Maryland , 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), resulted from the prosecutor's withholding the case file for case No. 21CR-82-27, a criminal proceeding against Osburn in Desha County he alleged arose from the previous incident with Sparks. Osburn contends that the proceedings were dismissed for a speedy-trial violation and that the case file containing that information could have been used to challenge Sparks's testimony. Osburn *777 additionally raises some issues in this point alleging that the testimony in his first trial included perjury, and his argument about suppressed evidence is intertwined with allegations that his trial counsel was ineffective. In his second point, Osburn alleges error because the trial court found that ineffective assistance was not within the purview of coram nobis proceedings.
Suppression of material exculpatory evidence by a prosecutor falls within one of the four previously recognized categories of coram nobis relief. Thacker v. State , 2016 Ark. 350, 500 S.W.3d 736. The mere fact that a petitioner alleges a Brady violation, however, is not sufficient to provide a basis for error coram nobis relief. Wallace v. State , 2018 Ark. 164, 545 S.W.3d 767. To establish a Brady violation, three elements are required: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. Id. To warrant coram nobis relief, the petitioner has the burden of demonstrating a fundamental error extrinsic to the record that would have prevented rendition of the judgment had it been known and, through no fault of his own, was not brought forward before rendition of judgment. Id. This means that the petitioner alleging a Brady violation must demonstrate that the evidence that was allegedly suppressed was sufficient to alter the outcome of the trial. Id.
To the extent that Osburn contests testimony that was given at his first trial, the State correctly asserts that those issues were made moot by this court's reversal on direct appeal invalidating the first judgment. See Green v. State , 2012 Ark. 347, 423 S.W.3d 62 (holding that, because the parties were returned to the same situation as before the trial, no theory of the State's case existed after the judgment was reversed). There was no witness testimony to contest at the trial that is at issue here, because the trial was Osburn's entry of a plea. Collier v. Kelley , 2018 Ark. 170.
To the extent that Osburn alleged that suppression by the prosecution of the "case file" in case No. 21CR-82-27 had caused him to enter an involuntary plea at his second trial, his argument also fails. The information that Osburn contends was suppressed was public information that was readily available. The dismissal of case No. 21CR-82-27 would be shown on the court's docket as a public record. Because the information was public, it was not subject to being withheld or suppressed. Wallace , 2018 Ark. 164, 545 S.W.3d 767. In addition, the outcome of case No. 21CR-82-27 was information that Osburn should have been aware of when he entered his guilty plea because he had been the defendant in the matter.
In Osburn's second and last point on appeal, he asserts error in the trial court's conclusion that his allegations of ineffective assistance were not cognizable. Osburn asserts that he was entitled to effective assistance in the plea proceedings that were his trial. Regardless of Osburn's entitlement to counsel, ineffective-assistance-of-counsel claims are not cognizable in error coram nobis proceedings. Gray v. State , 2018 Ark. 79, 540 S.W.3d 658. Under our state law, coram nobis proceedings are not to be used as a substitute for raising claims of ineffective assistance of counsel under Rule 37.1 and are not interchangeable with proceedings under the Rule, which is the remedy for asserting allegations of ineffective assistance of counsel. Id. The writ is not available when a mistake or error of law is made by counsel.
*778 Id. Osburn has not demonstrated that the trial court abused its discretion.
Affirmed.
Hart, J., concurs.
I concur with the disposition reached by the majority, but I take issue with its handling of Osburn's Brady claim, the substance of which is that the State failed to produce a case file concerning a previous prosecution against Osburn.
The majority suggests that any Brady claim related to the case file is now moot because after this court's remand (regardless of whether the case file should have been turned over before Osburn's "first" trial), Osburn entered a negotiated guilty plea of guilty, and accordingly there is no trial record that would allow this court to assess whether the case file's alleged concealment would have prejudiced Osburn. The logical extension of the majority's rationale is that one cannot establish prejudice for purposes of a Brady violation unless there has been a full trial on the merits in the same criminal proceeding. This would be incorrect, and I fear that the majority opinion thus improperly limits the writ of error coram nobis. If the evidence was in fact exculpatory or impeaching, the evidence was in fact concealed before Osburn's trial, that concealment did in fact continue through the trial, on appeal, and into the remand process, and the evidence's disclosure would in fact have created a reasonable probability of a different outcome (i.e., that Osburn would not have pled to or been convicted of the charges to which he pled), then I would see no reason why the writ of error coram nobis should not lie here.
Even so, Osburn's Brady claim is properly denied because the allegations contained in Osburn's petition would not establish that the case file was concealed from Osburn by the State. Instead, it appears that Osburn was well aware of the case file's existence long before his first trial. He alleges that his own counsel, mistakenly believing that the case file had no relation to charges at hand, failed to utilize it. This is not an allegation of concealment by the State, but of ineffective assistance by his own counsel, which is not a cognizable claim in error coram nobis proceedings. If Osburn intends to suggest that this failure by his trial counsel is somehow attributable to deception or misconduct by the prosecution, it is his burden to set out facts that would support that assertion.
I concur.

Osburn brought an interlocutory appeal of the denial of his motion to prohibit the State from seeking the death penalty on retrial, which this court affirmed. Osburn v. State , 2011 Ark. 406, reh'g denied , 2011 Ark. 514, 2011 WL 6003568.

When the judgment or conviction was entered on a plea of guilty or nolo contendere, the petition for writ of error coram nobis is filed directly in the trial court. Noble v. State , 2015 Ark. 141, 460 S.W.3d 774.