Cite as 2019 Ark. 272

# SUPREME COURT OF ARKANSAS

No. CR–18–923

| | | |
|---|---|---|
| KEVIN D. JONES | | **Opinion Delivered:** October 10, 2019 |
| | APPELLANT | |
| V. | | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION, AND MOTION TO UNSEAL DOCUMENTS |
| STATE OF ARKANSAS | | [NO. 60CR–15–581] |
| | APPELLEE | |
| | | HONORABLE WENDELL GRIFFEN, JUDGE |
| | | AFFIRMED; MOTION MOOT. |

**SHAWN A. WOMACK, Associate Justice**

Kevin D. Jones appeals the denial of his pro se petition for writ of error coram nobis or to vacate his conviction. In 2016, Jones pleaded nolo contendere to first degree battery and unlawful possession of a firearm. He now contends that he was coerced into entering the plea. In addition to denying his petition, Jones claims the circuit court failed to address his claim of "withheld evidence" and should have conducted an evidentiary hearing. We find no error and affirm. His subsequent motion to unseal documents is accordingly moot.

We review the circuit court's denial of a petition for writ of error coram nobis for abuse of discretion. *See Osburn v. State*, 2018 Ark. 341, at 2, 560 S.W.3d 774, 776. An abuse of discretion occurs when the court acts arbitrarily or groundlessly. *Id.* There is no abuse of discretion in the denial of coram nobis relief when the claims in the petition were groundless. *Id.*

A writ of error coram nobis is an extraordinarily rare remedy. *See Jackson v. State*, 2018 Ark. 227, at 2, 549 S.W.3d 356, 358. Proceedings for the writ are attended by a strong presumption that the judgment of conviction is valid. *Id.* The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and that, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Id.*

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *See Dednam v. State*, 2019 Ark. 8, at 3, 564 S.W.3d 259, 261. A writ of error coram nobis is available to address certain errors found in one of four categories: (1) insanity at the time of trial; (2) a coerced guilty plea; (3) material evidence withheld by the prosecutor; or (4) a third-party confession to the crime during the time between conviction and appeal. *Id.*

Jones contends that his plea was coerced because his attorney did not render effective assistance of counsel during the plea hearing. As a threshold matter, ineffective-assistance-of-counsel claims are not cognizable in coram nobis proceedings. *See State v. Tejeda-Acosta*, 2013 Ark. 217, at 8 427 S.W.3d 673, 678. We have consistently held that a petitioner's claim that his plea was not entered intelligently and voluntarily because of poor advice from counsel may only be brought under Arkansas Rule of Criminal Procedure 37.1. *See Griffin v. State*, 2018 Ark. 10, at 3, 535 S.W.3d 261, 263. The writ simply cannot be used as a substitute to pursue such claims. *Id.*

To prevail on a claim that a plea was coerced and warrants coram nobis relief, the petitioner must establish that the plea was the result of fear, duress, or threats of mob violence. *Id*. The allegation that a plea was involuntarily and unknowingly given as a result of erroneous advice does not constitute coercion within the scope of coram nobis. *Id*. Likewise, the mere pressure to accept a plea offer occasioned by the fear of a more severe sentence is insufficient. *See Gray v. State*, 2018 Ark. 79, at 3, 540 S.W.3d 658, 660. Even when counsel's advice is erroneous or improvident, it does not demonstrate coercion. *See Green v. State*, 2016 Ark. 386, at 8, 502 S.W.3d 524, 529. Poor advice does not constitute a fundamental error of fact extrinsic to the record that warrants issuance of the writ. *Id*.

Jones claims counsel told him if he pleaded nolo contendere, he would be sentenced to sixty months for each charge to be served concurrently. But he was given concurrent sentences of 180 months for first-degree battery and sixty months for possession of a firearm. He further alleges that counsel told him to respond to the court's questions "loud and affirmatively." Otherwise, the court would reject his plea and he would be subjected to severe and dire consequences through trial. He also claims the court was angry because he failed, through no fault of his own, to appear for the plea hearing when it was first scheduled. Jones accuses the court, the State, and his attorney of conspiring to coerce him into entering his plea. Jones's allegations of ineffective assistance and his conclusory conspiracy accusation do not present a valid claim for coram nobis relief.

The "withheld evidence" that Jones contends was not considered when he entered his plea is essentially a repetition of his ineffective assistance claim. He does not claim the State withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Rather, he

3

contends counsel's allegedly inadequate representation precluded information from being brought out at the plea hearing. This claim likewise fails to state a ground for the writ.

Finally, the circuit court was not required to conduct a hearing on Jones's allegations of ineffective assistance of counsel and his concomitant claims of trial error with respect to the plea hearing. Because neither trial error nor ineffective assistance of counsel is a ground for the writ, a hearing was not required before dismissing the clearly meritless petition. *See Griffin*, 2018 Ark. 10, at 4, 535 S.W.3d at 263.

Affirmed; motion moot.

*Kevin D. Jones*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

4