Cite as 2019 Ark. 298

# SUPREME COURT OF ARKANSAS

No. CR-18-402

| | |
|---|---|
| HEATH CARLTON STOCKS<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** October 24, 2019<br><br>PRO SE APPEAL FROM THE LONOKE<br>COUNTY CIRCUIT COURT<br>[NO. 43CR-97-9]<br><br>HONORABLE JASON ASHLEY PARKER,<br>JUDGE<br><br>AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Heath Carlton Stocks appeals the circuit court's denial of his pro se petition for a writ of error coram nobis and audita querela.[1] Stocks, who entered a guilty plea in 1997 to three counts of capital murder in the deaths of his family members, raises multiple grounds for relief. Because Stocks has not established grounds for issuance of the writ, we affirm.

I. *Nature of the Writ*

We review a circuit court's denial of a petition for writ of error coram nobis for abuse of discretion. *Newman v. State*, 2014 Ark. 7. A court abuses its discretion when it acts arbitrarily or groundlessly. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17

---

[1]Audita querela actions have been abolished. Accordingly, petitions for the abolished writs of error like coram vobis and audita querela are treated as petitions for coram nobis relief, with the same grounds for relief and applicable procedural rules. *Whitney v. State*, 2018 Ark. 138.

S.W.3d 87 (2000). The function of the writ is to secure relief from a judgment when there existed some fact that would have prevented its rendition if it had been known to the circuit court and that, through no negligence or fault of the defendant, was not brought forward before judgment. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. It is the petitioner's burden to demonstrate a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. The trial court is not required to hold a hearing on a clearly non-meritorious coram nobis petition. *Griffin v. State*, 2018 Ark. 10, 535 S.W.3d 261.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Dednam v. State*, 2019 Ark. 8, 564 S.W.3d 259. A writ of error coram nobis is available to address the following errors: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. Error coram nobis proceedings are attended by a "strong presumption" that the judgment of conviction is valid. *Nelson*, 2014 Ark. 91, at 3, 431 S.W.3d at 854.

## II. *Stocks's Claims for Relief*

On appeal, Stocks reasserts his multiple claims for coram nobis relief. He alleges that the circuit court was biased and exceeded its jurisdiction by failing to conduct either a competency hearing or a guilty-plea hearing. Second, Stock's contends that the State committed a *Brady* violation by (1) failing to disclose that  an investigator had provided

2

Charles "Jack" Walls III with a copy of the case file and that Walls had used the information to manipulate members of Stocks's family into pressuring Stocks to plead guilty; (2) allowing Reverend Markle to speak to Stocks and by withholding information that Stocks's mother had told Reverend Markle about Walls's sexual abuse; (3) delaying Walls's prosecution until after Stocks had pleaded guilty; (4) withholding evidence of Walls's "mind control" over Stocks; (5) withholding mitigating evidence of Walls's long-term sexual abuse of Stocks; and (6) withholding other mitigating and exculpatory evidence.

In addition, Stocks asserts several claims regarding his mental competency. He claims that he was suffering from a mental defect when he pled guilty; that his counsel was ineffective for advising him not to cooperate with the court-ordered mental evaluation; and that the evaluating physicians failed to consider a previous mental evaluation. Lastly, he contends that the prosecutor engaged in misconduct by failing to disclose the prosecutor's relationship with Walls's father.

III. *Judicial Bias*

Stocks argued at trial and reasserts on appeal that the circuit court was biased by failing to hold a competency hearing and a plea hearing in compliance with Rules 24.4, 24.6, and 24.7 of the Rules of Criminal Procedure. The mere fact that some rulings are adverse to the appellant is not enough to demonstrate judicial bias. *Brown v. State*, 2012 Ark. 399, 424 S.W.3d 288. Stocks's dissatisfaction with the circuit court's decisions with respect to those hearings and how they were conducted does not constitute a showing of

extrinsic evidence that would have produced a different result. *Martinez-Marmol v. State*, 2018 Ark. 145, 544 S.W.3d 49. Rather than an issue of judicial bias, Stocks has raised an issue of trial error. Assertions of trial error that could have been raised at trial are not within the purview of a coram nobis proceeding. *Key v. State*, 2019 Ark. 202, 3, 575 S.W.3d 554.

## IV. *Withheld Evidence*

Stocks's *Brady* claims are based on allegations that the prosecution withheld evidence that primarily related to Walls's sexual abuse of Stocks and his participation in the murders. While a *Brady* violation is cognizable in coram nobis proceedings, a petitioner's mere allegation of a *Brady* violation is not a sufficient basis for error coram nobis relief. *Davis v. State*, 2019 Ark. 172, 574 S.W.3d 666. When determining whether a *Brady* violation has occurred, it must first be determined if the material was available to the State prior to trial and that the defense did not have access to it. *Cloird v. State*, 357 Ark. 446, 182 S.W.3d 477 (2004); *Bunch v. State*, 2018 Ark. 379, 563 S.W.3d 552.

Stocks's allegations underlying his *Brady* claims do not meet this prerequisite. Stocks was fully aware of Walls's abuse of him and others and of Walls's alleged role in the murders. Stocks also could have disclosed Reverand Markle's unauthorized visits to his counsel. To warrant coram nobis relief, the defendant must be unaware of the fact at the time of trial and could not have discovered the fact in the exercise of due diligence. *Hall v. State*, 2018 Ark. 319, 558 S.W.3d 867. Stocks's silence, not the actions of the prosecutor or the investigators, prevented defense counsel from presenting the mitigating

4

circumstances surrounding the murders of Stocks's family members. Stocks also fails to demonstrate that the investigator's alleged actions would have prevented the rendition of the judgment. *Martinez-Marmol*, 2018 Ark. 145, 544 S.W.3d 49.

Stocks's assertion that the prosecutor knew of Walls's involvement with Stocks and with the murders and withheld this information to conceal Walls's crimes is not substantiated. An investigation did not begin into the sexual abuse committed by Walls until another victim came forward. Stocks has presented no evidence that the prosecutor's office was aware of these allegations, or deliberately delayed investigating them, prior to this event. A court considering a claim of a *Brady* violation in a coram nobis petition is not required to take the petitioner's allegations at face value without substantiation. *Martin v. State*, 2019 Ark. 167, 574 S.W.3d 661.

### V. *Mental Incompetence and Ineffective Assistance of Counsel*

Stocks argues that he was mentally incompetent when he was charged and agreed to plead guilty. However, the record demonstrates that the circuit court ordered a mental evaluation before Stocks agreed to plead guilty. Counsel advised Stocks not to cooperate with the evaluating physicians regarding the specific facts about the murders. Nevertheless, the evaluating physicians were still able to determine whether Stocks was fit to proceed and found that he was competent in this regard. In short, the question of Stocks's mental competence was addressed at the time of trial and is not extrinsic to the record at the time judgment was rendered. *Martinez-Marmol*, 2018 Ark. 145, 544 S.W.3d 49. Stocks's argument concerning his counsel's failure to question the reliability of the mental

5

evaluation before he entered the guilty plea is an ineffective assistance of counsel claim. That claim is not a cognizable claim in a coram nobis action. *Griffin*, 2018 Ark. 10, 535 S.W.3d 261.

## VI. *Prosecutorial Misconduct*

Stocks's claim that the prosecutor was required to recuse himself due to his relationship with Walls's father is equally unavailing. Again, Stocks's claim is not substantiated. Stocks has not met his burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts*, 2013 Ark. 56, 425 S.W.3d 771.

Lastly, although Stocks references coercion, he does not allege that his guilty plea was coerced; instead, he contends that there is no record that demonstrates that Stocks's plea was voluntary. To prevail on a claim that a writ of error coram nobis is warranted because a guilty plea was coerced, the petitioner bears the burden of establishing that the plea was the result of fear, duress, or threats of mob violence--grounds that have been recognized by this court for a finding of coercion. *Hall*, 2018 Ark. 319, 558 S.W.3d 867. The allegation that a guilty plea was coerced in the sense that it was involuntarily given does not constitute a showing of a coerced plea within the scope of a coram nobis proceeding. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524.

Because we find that the petition for coram nobis relief clearly has no merit, we affirm.

Affirmed.

*Heath Stocks*, pro se appellant.

6

*Leslie Rutledge*, Att'y Gen., by:  *Vada Berger*, Sr. Ass't Att'y Gen., for appellee.