Cite as 2019 Ark. 319

# SUPREME COURT OF ARKANSAS

No. CR-19-32

| | | |
|---|---|---|
| EDDIE L. PUGH | | Opinion Delivered: November 7, 2019 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE POINSETT |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 56CR-16-273] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE DAN RITCHEY, JUDGE |
| | | |
| | | AFFIRMED. |

SHAWN A. WOMACK, Associate Justice

Appellant Eddie L. Pugh brings this appeal from the denial and dismissal by the circuit court of his pro se petition for writ of error coram nobis and his pro se motion to correct a mistake in the sentencing order. In his brief, Pugh refers to his claim that there was a mistake in the sentencing order, but he does not include the motion in the addendum to his brief. Accordingly, we address this appeal solely as an appeal from the decision of the circuit court to decline to issue the writ. As Pugh has failed to demonstrate that the circuit court abused its discretion in declining to issue the writ, the order is affirmed.

## I. *History*

Pugh entered a plea of guilty in 2016 to second-degree murder and was sentenced to 240 months' imprisonment. Imposition of an additional sentence of 120 months' imprisonment was suspended. In 2018, Pugh filed in the trial court both the motion to correct the sentencing order and the coram nobis petition. The motion and petition were

denied and dismissed in one order entered September 14, 2018. As stated, Pugh contends on appeal that the trial court was wrong not to issue the writ.

## II. *Standard of Review*

The standard of review of an order entered by the trial court on a petition for writ of error coram nobis is whether the trial court abused its discretion in granting or denying the writ. *Newman v. State*, 2014 Ark. 7. An abuse of discretion occurs when the court acts arbitrarily or groundlessly. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852. There is no abuse of discretion in the denial of error coram nobis relief when the claims in the petition were groundless. *Osburn v. State*, 2018 Ark. 341, 560 S.W.3d 774.

## III. *Nature of the Writ*

A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and that, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Dednam v. State*, 2019 Ark. 8, 564 S.W.3d 259. A writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence

2

withheld by the prosecutor, or **(4)** a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. Error coram nobis proceedings are attended by a "strong presumption" that the judgment of conviction is valid. *Nelson*, 2014 Ark. 91, at 3, 431 S.W.3d at 854.

## IV. *Fraud or Mistake*

Pugh first argues that issuance of the writ was warranted because his attorney induced him to plead guilty by practicing "fraud or mistake" in that counsel advised him to answer the trial court questions at his plea hearing in the affirmative or run the risk of the plea not being accepted. He contends that he was further informed by counsel that if the plea was not accepted, he could be made to stand trial on a charge of first-degree murder and face life imprisonment.

Pugh failed to meet his burden of providing factual substantiation for his claim that trial counsel defrauded him or otherwise placed him under undue duress to enter his plea, and a conclusory claim is not a ground for the writ. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. In essence, he argues that his attorney did not properly advise him when the plea was entered. We have held that a petitioner's allegation that he or she was under duress when the plea of guilty was entered by virtue of improvident advice from counsel constitutes an allegation of ineffective assistance of counsel with the underlying claim that the plea was not entered intelligently and voluntarily because of the advice provided by counsel. *Griffin v. State*, 2018 Ark. 10, 535 S.W.3d 261. An allegation of ineffective assistance of counsel is not cognizable in a coram nobis proceeding. *White v. State*, 2015 Ark. 151. Even when counsel's

3

advice is erroneous or improvident, it does not demonstrate that the petitioner has stated a ground for a writ of error coram nobis because poor advice does not constitute a fundamental error of fact extrinsic to the record that warrants issuance of the writ. *See Green*, 2016 Ark. 386, 502 S.W.3d 524 (Erroneous advice regarding parole-eligibility status did not support a claim of a coerced plea, and thus did not provide a basis for coram-nobis relief.).

Any argument that Pugh desired to raise concerning whether he was afforded effective assistance of counsel should have been brought pursuant to Arkansas Rule of Criminal Procedure 37.1 (2018), not in a petition for writ of error coram nobis. *White*, 2015 Ark. 151, 460 S.W.3d 285; *see also Nelson*, 2014 Ark. 91, 431 S.W.3d 852 (Error coram nobis proceedings are not a substitute for proceeding under Rule 37.1 to challenge the validity of a guilty plea, nor are the two proceedings interchangeable.).

## V. *Coerced Guilty Plea*

Pugh also contended in his petition that his plea was coerced because he was "ill advised" by his attorney to think that he would be sentenced to no more than 120 months' imprisonment. He asserts that counsel's fraud and mistakes amounted to "physical violence" used to obtain his plea. He further alleges, without specific factual support, that the trial court failed to protect him in the guilty-plea proceeding by complying with Rules 24.4 and 24.6 of the Arkansas Rules of Criminal Procedure. Pugh did not contend that his sentence exceeded the range of sentences applicable to a conviction for second-degree murder.[1]

---

[1]Second-degree murder is a Class A felony. Ark. Code Ann. § 5-10-103(a) (Repl. 2013). A Class A felony is punishable by not less than six or more than thirty years' imprisonment.

To prevail on a claim that a writ of error coram nobis is warranted because a plea was coerced, the petitioner bears the burden of establishing that the plea was the result of fear, duress, or threats of mob violence as previously recognized by this court as grounds for a finding of coercion. *Hall v. State*, 2018 Ark. 319, 558 S.W.3d 867. The allegation that a guilty plea was coerced in the sense that it was involuntarily and unknowingly given as a result of erroneous advice does not constitute a showing of a coerced plea within the scope of a coram nobis proceeding. *Griffin*, 2018 Ark. 10, 535 S.W.3d 261. The contention that a petitioner was induced to plead guilty by fear of receiving a more severe sentence at trial is not a ground for the writ because the mere pressure to accept a plea offer occasioned by the fear of a more severe sentence is not considered coercion. *Gray v. State*, 2018 Ark. 79, 540 S.W.3d 658 (The threat of the possibility of a life sentence that produced the mere pressure to plead guilty was not considered coercion.).

The record contains a copy of Pugh's guilty-plea statement providing that the maximum sentence that could be imposed in his case was 360 months' imprisonment and a copy of the plea-and-sentence recommendation providing that the recommended sentence agreed to in the negotiated plea was 240 months' imprisonment with imposition of an additional 120 months suspended. Both documents were signed by Pugh, and as stated, he was sentenced in accordance with the terms of the negotiated plea. Pugh did not demonstrate in his petition that he was coerced to plead guilty such that the writ should issue. If there were flaws in the

---

Ark. Code Ann. § 5-4-401 (Repl. 2013). Pugh's sentence did not exceed the range of permissible sentences for the offense of which he was convicted.

guilty-plea proceeding, Pugh's remedy was to raise those issues under Rule 37.1. *See Love v. Kelley*, 2018 Ark. 206, 548 S.W.3d 145 (noting that irregularities in the guilty-plea proceeding are properly raised under the Rule).

## VI. *Withheld Evidence*

Pugh next claims that he established in his petition for the writ that evidence was withheld by the State from the defense when his plea was entered. The "withheld evidence" that Pugh cites consists of his allegation that the length of his sentence was miscalculated and a repetition of his contention that he was not afforded effective assistance of counsel. Pugh did not contend that there was a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), as required to warrant issuance of the writ. *See Henington v. State*, 2018 Ark. 279, 556 S.W.3d 518 (The petitioner for the writ must meet the requirements of *Brady* to demonstrate that the State withheld information that should have been made available to the defense such that a constitutional right was violated.).

To show that the State wrongfully withheld evidence from the defense and to establish a *Brady* violation, the petitioner must satisfy three elements: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Makkali v. State*, 2019 Ark. 17, 565 S.W.3d 472. The mere fact that a petitioner alleges a *Brady* violation is not sufficient to provide a basis for error coram nobis relief. *Wallace v. State*, 2018 Ark. 164, 545 S.W.3d 767; *see also Penn v. State*, 282 Ark. 571,

6

670 S.W.2d 426 (1984) (an allegation that a constitutional right has been invaded will not suffice to warrant issuance of the writ).

Factual substantiation is required to establish a *Brady* violation. *McCullough v. State*, 2017 Ark. 292, 528 S.W.3d 833. Pugh did not show that the State concealed any information from the defense before he entered his plea. Clearly, he failed to meet his burden under *Brady* to demonstrate a fundamental error of fact extrinsic to the record that was concealed from the defense. *Williams v. State*, 2017 Ark. 313, 530 S.W.3d 844 (Petitioner failed to demonstrate a *Brady* violation because he did not establish that some fact was hidden from the defense.).

## VII. *Evidentiary Hearing*

Finally, Pugh contends that the trial court's failure to hold an evidentiary hearing on his petition warrants reversal of the trial court's order denying it. Any hearing on Pugh's petition would have been a hearing on allegations of ineffective assistance of counsel, and perhaps, concomitant claims of error in the plea hearing. Because neither trial error nor ineffective assistance of counsel is a ground for the writ, there was no need for the trial court to hold a hearing. *See Ramirez v. State*, 2018 Ark. 32, 536 S.W.3d 614 (Allegations of ineffective assistance of counsel and trial error couched as allegations of a coerced plea do not require a hearing on a coram nobis petition.). The trial court is not required to hold a hearing on a coram nobis petition if the petition clearly has no merit. *Griffin*, 2018 Ark. 10, 535 S.W.3d 261.

Affirmed.

HART, J., dissents.

7

JOSEPHINE LINKER HART, Justice, dissenting. Arkansas Supreme Court Rule 4-2, in pertinent part states:

(b) **Insufficiency of Appellant's Abstract or Addendum.** Motions to dismiss the appeal for insufficiency of the appellant's abstract or addendum will not be recognized. Deficiencies in the appellant's abstract or addendum will ordinarily come to the court's attention and be handled in one of three ways as follows:

. . . .

(3)   Whether or not the appellee has called attention to deficiencies in the appellant's abstract or addendum, the court may address the question at any time. If the court finds the abstract or addendum to be deficient such that the court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the rule.

(4)   If the appellate court determines that deficiencies or omissions in the abstract or addendum need to be corrected, but complete rebriefing is not needed, then the court will order the appellant to file a supplemental abstract or addendum within seven calendar days to provide the additional materials from the record to the members of the appellate court.

Mr. Pugh's addendum is deficient in that he has failed to include his motion to correct the sentencing order in his case.  That motion, styled "Motion Seeking Order for Nunc Pro Tunc," appears in the record, but not in Mr. Pugh's brief.  Our rule, Supreme Court Rule 4-2, requires that we give Mr. Pugh the opportunity to cure this deficiency.  It is improper to simply point out the omission and refuse to take up the issue on appeal.

I dissent.

*Eddie L. Pugh*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.