Cite as 2019 Ark. 348
# SUPREME COURT OF ARKANSAS
No. CR-19-142

| | |
|---|---|
| ERNEST BROWN<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered: November 21, 2019<br><br>PRO SE APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. 18CR-09-44]<br><br>HONORABLE JOHN N. FOGLEMAN, JUDGE<br><br>AFFIRMED. |

RHONDA K. WOOD, Associate justice

Ernest Brown appeals the circuit court's denial of his pro se petition for writ of error coram nobis. Brown contends that the writ should issue and the judgment be vacated because his defense counsel coerced him into pleading guilty. Because Brown has failed to demonstrate that the circuit court abused its discretion, we affirm.

In 2009, Brown entered a plea of guilty to aggravated robbery and was sentenced to 180 months' imprisonment. Imposition of an additional 120 months' imprisonment was suspended. In 2018, Brown filed his petition for a writ of error coram nobis. He alleged that his counsel did not advise him correctly on the percentage of his sentence that he would be required to serve before becoming parole eligible or the effect that his prior convictions would have on his parole eligibility.

We review a circuit court's decision on a petition for writ of error coram nobis for abuse of discretion. *Newman v. State*, 2014 Ark. 7. An abuse of discretion occurs when the

court acts arbitrarily or groundlessly. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). The function of the writ is to secure relief from a judgment when there existed some fact that would have prevented its rendition if it had been known to the trial court and that, through no negligence or fault of the defendant, was not brought forward prior to the judgment. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Dednam v. State*, 2019 Ark. 8, 564 S.W.3d 259. A writ of error coram nobis is available to address certain errors that are found in one of four categories. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. Error coram nobis proceedings are attended by a "strong presumption" that the judgment of conviction is valid. *Nelson*, 2014 Ark. 91, at 3, 431 S.W.3d at 854.

Brown argues he was coerced into pleading guilty, and therefore, the circuit court abused its discretion in denying the writ. His arguments for issuance of the writ were that (1) his attorney induced him to plead guilty by letting him believe he would be parole eligible sooner; (2) counsel did not inform him of the full effect of his prior convictions; and (3) counsel was inadequate by withholding the knowledge of the effect of his prior convictions on his parole-eligibility status.

To prevail on a claim of writ of error coram nobis on the ground that a plea was coerced, the petitioner bears the burden of establishing that the plea was the result of fear, duress, or threats of mob violence. *Hall v. State*, 2018 Ark. 319, 558 S.W.3d 867.

The allegation that a guilty plea was coerced in the sense that it was involuntarily and unknowingly given as a result of erroneous advice does not constitute a showing of a coerced plea within the scope of a coram nobis proceeding. *Griffin v. State*, 2018 Ark. 10, 535 S.W.3d 261; *see also Green v. State*, 2016 Ark. 386, 502 S.W.3d 524 (Erroneous advice regarding parole-eligibility status did not support a claim of a coerced plea and thus did not provide a basis for coram nobis relief.). We have held that a petitioner's allegation that he or she was induced to plead guilty by virtue of improvident advice from counsel constitutes an allegation of ineffective assistance of counsel. *Griffin*, 2018 Ark. 10, 535 S.W.3d 261. An allegation of ineffective assistance of counsel is not cognizable in a coram nobis proceeding. *White v. State*, 2015 Ark. 151, 460 S.W.3d 285.

Brown's arguments that counsel did not fully explain his parole eligibility or the effect of his prior convictions do not rise to the level of coercion sufficient to meet his burden of establishing grounds for the writ. Any assistance-of-counsel argument that Brown wanted to make in the plea proceeding should have been raised pursuant to Arkansas Rule of Criminal Procedure 37.1 (2007). *White*, 2015 Ark. 151, 460 S.W.3d 285; *see also State v. Tejeda-Acosta*, 2013 Ark. 217, 427 S.W.3d 673 (The claim that the petitioner's plea of guilty was induced in the sense that it was involuntarily and unknowingly given as a result of erroneous advice from his counsel was a ground for relief under the Rule, not a ground for a writ of error coram nobis.). Error coram nobis proceedings are not a substitute for proceeding under Rule 37.1 to challenge the validity of a guilty plea, nor are the two proceedings interchangeable. *Nelson*, 2014 Ark. 91, 431 S.W.3d 852

Because we find the circuit court did not abuse its discretion in denying the writ, we affirm.

Affirmed.

*Ernest Brown*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.