Cite as 2020 Ark. 273

# SUPREME COURT OF ARKANSAS
No. CR-19-299

| | | |
|---|---|---|
| NICHOLAS ADDISON | | **Opinion Delivered:** September 17, 2020 |
| | APPELLANT | PRO SE APPEAL FROM THE POINSETT COUNTY CIRCUIT COURT |
| V. | | [NO. 56CR-16-391] |
| | | HONORABLE DAN RITCHEY, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant Nicholas Addison brings this appeal from the trial court's denial and dismissal of his pro se petition for writ of error coram nobis. As Addison has failed to demonstrate that the trial court abused its discretion in declining to issue the writ, we affirm.

In 2017, Addison entered a plea of guilty to robbery and first-degree battery. He was sentenced as a habitual offender to 240 months' imprisonment for the robbery with an additional sentence of 120 months' imprisonment suspended. He was sentenced to 120 months' imprisonment for the first-degree battery with 120 months' imprisonment suspended. The sentences were to be served concurrently. In 2018, Addison filed in the

trial court the petition "seeking the writ and/or to vacate the judgment per error coram nobis."

The standard of review of an order for the denial of a petition for writ of error coram nobis is whether the trial court abused its discretion in granting or denying the writ. *Newman v. State*, 2014 Ark. 7. An abuse of discretion occurs when the court acts arbitrarily or groundlessly. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852. There is no abuse of discretion in the denial of error coram nobis relief when the claims in the petition were groundless. *Osburn v. State*, 2018 Ark. 341, 560 S.W.3d 774.

A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and that, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Dednam v. State*, 2019 Ark. 8, 564 S.W.3d 259. A writ of error coram nobis is available to address certain errors that are found in one

2

of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. Error coram nobis proceedings are attended by a "strong presumption" that the judgment of conviction is valid. *Nelson*, 2014 Ark. 91, at 3, 431 S.W.3d at 854.

Addison argued in his petition that issuance of the writ was warranted because his attorney and the prosecutor conducted an elaborate scheme to cleverly deceive him into entering a guilty plea. His statements in support of the allegation were conclusory and failed to meet his burden of providing factual substantiation for his claim that trial counsel or the prosecutor somehow deceived him or otherwise placed him under undue duress to enter his plea. Conclusory claims are not a ground for the writ.[1] *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524, 529.

Addison's argument was, in essence, that his attorney did not properly advise him when the plea was entered. We have held that a petitioner's allegation that he or she was under duress when the plea of guilty was entered by virtue of improvident advice from counsel constitutes an allegation of ineffective assistance of counsel with the underlying claim that the plea was not entered intelligently and voluntarily because of the advice provided by counsel. *Griffin v. State*, 2018 Ark. 10, 535 S.W.3d 261. An allegation of

---

[1]Much of Addison's brief consists of the recitation of tenets of law applicable in coram nobis proceedings with no explanation as to how those tenets apply to the facts of Addison's case.

ineffective assistance of counsel is not cognizable in a coram nobis proceeding. *White v. State*, 2015 Ark. 151, 460 S.W.3d 285. Even when counsel's advice is erroneous or improvident, it does not demonstrate that the petitioner has stated a ground for a writ of error coram nobis, because poor advice does not constitute a fundamental error of fact extrinsic to the record that warrants issuance of the writ. *See Green*, 2016 Ark. 386, 502 S.W.3d 524 (Erroneous advice regarding parole-eligibility status did not support a claim of a coerced plea and thus did not provide a basis for coram nobis relief.). Any argument that Addison desired to raise concerning whether he was afforded effective assistance of counsel should have been brought pursuant to Arkansas Rule of Criminal Procedure 37.1 (2019), not in a petition for writ of error coram nobis. *White*, 2015 Ark. 151, 460 S.W.3d 285; *see also Nelson*, 2014 Ark. 91, 431 S.W.3d 852 (Error coram nobis proceedings are not a substitute for proceeding under Rule 37.1 to challenge the validity of a guilty plea, nor are the two proceedings interchangeable.).

Addison also raised assertions concerning the "sentencing grid" for determining the presumptive sentences for the offenses to which he pleaded guilty. Those assertions were not supported by any facts to establish that the sentences imposed were excessive or otherwise presented a ground for the writ. He further suggested, without any specific factual support, that the trial court may not have complied in the guilty-plea proceeding with Rules 24.4 and 24.6 of the Arkansas Rules of Criminal Procedure. If there were flaws in the guilty-plea proceeding, Addison's remedy was to raise those issues under Rule 37.1.

*See Love v. Kelley*, 2018 Ark. 206, 548 S.W.3d 145 (noting that irregularities in the guilty-plea proceeding are properly raised under the Rule).

To prevail on a claim that a writ of error coram nobis is warranted because a plea was coerced, the petitioner bears the burden of establishing that the plea was the result of fear, duress, or threats of mob violence as previously recognized by this court as grounds for a finding of coercion. *Hall v. State*, 2018 Ark. 319, 558 S.W.3d 867. The allegation that a guilty plea was coerced in the sense that it was involuntarily and unknowingly given as a result of erroneous advice does not constitute a showing of a coerced plea within the scope of a coram nobis proceeding. *Griffin*, 2018 Ark. 10, 535 S.W.3d 261.

Finally, Addison contends in his brief that the trial court erred by treating his coram nobis petition "the same as another Rule 37 petition," which is an apparent reference to the trial court's statement in its order that it was adopting and reaffirming the content of the order entered in 2018 that denied and dismissed Addison's Rule 37.1 petition. Most of the grounds raised by Addison in his coram nobis petition were cognizable under the Rule, and it was not erroneous for the trial court to refer to its 2018 order that ruled on Addison's Rule 37.1 petition.

Affirmed.

*Nicholas Addison*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes Jr.*, Ass't Att'y Gen., for appellee.