KAREN R. BAKER, Associate Justice
Petitioner Jimmy Don Wooten was convicted of capital murder, criminal attempt to commit capital murder, and aggravated assault. Wooten was sentenced to death on the capital-murder charge, thirty years' imprisonment on the attempt-to commit-capital-murder charge, and six years' imprisonment on the aggravated-assault charge. His convictions and sentences were affirmed on appeal. Wooten v. State , 325 Ark. 510, 931 S.W.2d 408 (1996). After a motion to recall the mandate was granted by this court permitting Wooten to seek postconviction relief pursuant to Rule 37, Wooten now serves a term of life imprisonment without parole on the capital-murder charge. See Wooten v. State , 2010 Ark. 467, 370 S.W.3d 475, overruled by Ward v. State , 2015 Ark. 62, 455 S.W.3d 830.[1] Wooten now brings this pro se petition to reinvest jurisdiction in the circuit court to consider a petition for writ of error coram nobis in which he contends that he suffers significant mental disease and defect and trial counsel's ineffective performance litigating this issue led to Wooten's capital-murder conviction. Because Wooten has neither demonstrated in the petition that the writ should issue nor been diligent in raising his claims, the petition is denied.
The circuit court cannot entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal unless this court grants permission.
*685 Carner v. State , 2018 Ark. 20, 535 S.W.3d 634 (citing Newman v. State , 2009 Ark. 539, 354 S.W.3d 61 ). A writ of error coram nobis is an extraordinarily rare remedy. State v. Larimore , 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. Green v. State , 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and that, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. Carner , 2018 Ark. 20, 535 S.W.3d 634. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. Roberts v. State , 2013 Ark. 56, 425 S.W.3d 771.
The writ is allowed under compelling circumstances to achieve justice and to address errors of the most fundamental nature. Id. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. Howard v. State , 2012 Ark. 177, 403 S.W.3d 38. A court is not required to accept the allegations in a petition for writ of error coram nobis at face value. Jackson v. State , 2017 Ark. 195, 520 S.W.3d 242.
Wooten argues that he suffers from a mental disease and defect and that this fact was "unknown and hidden at trial due to incompetent and ineffective assistance of counsel," and that had it been brought forward, he would not have been subjected to a sentence of life imprisonment without the possibility of parole. This court has repeatedly held that ineffective-assistance-of-counsel claims are not grounds for the writ. Green , 2016 Ark. 386, 502 S.W.3d 524. Claims of ineffective assistance of counsel are properly raised in a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2017). Smith v. State , 2018 Ark. 37, 2018 WL 773711. A petition for error coram nobis is not a substitute for raising an issue under Rule 37.1. Id. Wooten has failed to demonstrate the writ should issue.
Furthermore, while there is no specific time limit for seeking a petition for writ of error coram nobis, due diligence is required in filing a petition for relief, and in the absence of a valid excuse for delay, the petition will be denied. Roberts , 2013 Ark. 56, 425 S.W.3d 771. Due diligence requires that (1) the defendant be unaware of the fact at the time of trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) upon discovering the fact, the defendant did not delay bringing the petition. Id.
Wooten first raised the claim he raises now of mental disease and defect, which he claims was confirmed by a psychiatric evaluation on September 27, 2006, by Dr. Robert A. Fox, Jr., in a motion to recall the mandate that was tendered to this court in March 2007. See Wooten , 2010 Ark. 467, 370 S.W.3d 475 (Brown, J., concurring) (Wooten's core argument is that because of his defective counsel at this Rule 37 hearing in 1997 and on appeal, he has never been able to show either the circuit court or this court how his trial counsel was ineffective in his failure to present mental illness and familial abuse as mitigation evidence at the sentencing phase.). At the very least, Wooten discovered the fact of his mental disease and defect in 2006 but did not raise the claim for coram nobis relief for an additional twelve years, which *686 can hardly be said to be without delay. Wooten was granted his motion to recall mandate to pursue postconviction relief pursuant to Rule 37 in 2010, and since that time, he has taken no action to seek coram nobis relief for his alleged claim of mental disease and defect. Because Wooten fails to give a valid excuse for the delay in raising the claim, Wooten has not been diligent, and the petition is denied.
Petition denied.
Hart, J., dissents.
Josephine Linker Hart, Justice, dissenting.
I dissent. The majority offers two bases to support its decision to deny Wooten's petition to reinvest jurisdiction in the trial court to consider a writ of error coram nobis. First, the majority suggests that Wooten is making an ineffective assistance counsel argument, which is not cognizable in error coram nobis proceedings. Second, the majority suggests that Wooten has not been diligent in bringing his claim. The majority is incorrect to deny Wooten's petition for either of these reasons.
First, a plain reading of Wooten's petition reveals that the majority's characterization of Wooten's argument is wholly inaccurate. Wooten's argument is that he was insane and suffered from a mental disease or defect at the time of trial, not that his trial counsel was ineffective. Wooten's petition contains only a single assertion that his trial counsel was ineffective for failing to investigate or present evidence of his mental condition, but that assertion is not the thrust of his petition. Wooten's argument is that he was insane at the time of trial, which is a perfectly cognizable basis for error coram nobis relief. Howard v. State , 2012 Ark. 177, 403 S.W.3d 38 (error coram nobis relief available for one of four grounds: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal). Accordingly, the majority's first basis for denying Wooten's petition is inapplicable.
Second, the majority rejects Wooten's petition on the basis that he has not diligently pursued his claims. There is simply no rationale to support such a policy. The State has no interest whatsoever in continuing to hold individuals in prison when some fact extrinsic to the record would have kept those individuals from being placed in prison in the first place. Reinvesting jurisdiction in the trial court to consider the writ of error coram nobis is the only way to address this situation. Accordingly, the majority's second basis for denying Wooten's petition is inapplicable as well.
As Wooten alleges a perfectly viable basis for reinvesting jurisdiction in the trial court to consider the writ of error coram nobis, I would grant Wooten's petition.

Ward overruled Wooten to the extent that an unverified postconviction petition, by itself, is no longer a basis for finding a breakdown in the appellate process on appeal from postconviction review so as to warrant a recall of the mandate affirming denial.