JOSEPHINE LINKER HART, Associate Justice
Petitioner Charles E. Alexander filed in this court a petition in which he requests that we reinvest jurisdiction in the trial court so that he may file a petition for writ of error coram nobis and audita querela. Alexander also filed four amendments to the petition and a motion in which he requested that the original petition, which Alexander submitted with additional copies, be filed with only one copy of one of the exhibits attached to the original pleading. Because the original petition was filed as Alexander requests, the motion is moot. Because Alexander fails to set out a basis in the original petition or in his amended petitions that would support issuance of the writ, we deny the petition and the amended petitions.
*404 Alexander was convicted of first-degree murder and sentenced to life in prison without possibility of parole. This court affirmed. Alexander v. State , 335 Ark. 131, 983 S.W.2d 110 (1998). The instant petition is necessary for Alexander to proceed because a trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. Jackson v. State , 2018 Ark. 227, 549 S.W.3d 356.
With all due respect to Alexander, much of what he has filed in this matter is simply indecipherable. Alexander's original 149-page, handwritten petition is often confusing, extremely difficult to read, and at times incomprehensible. The bulk of the petition is devoted to exhibits that Alexander intended to support his claims for relief, although the relevance of those exhibits, much of which relate to prison grievances Alexander has filed since he was incarcerated, is oftentimes unclear. Alexander lists his grounds for issuance of the writ, asserting (1) that a violation of Brady v. Maryland , 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), resulted from the prosecutor's withholding information about confessions or statements that someone else had committed the murder; (2) that the trial court erred in not trying Alexander jointly with a codefendant; (3) that there were defects in the criminal information, warrant, or detainer; and (4) that a miscarriage of justice has resulted because he is actually innocent. In another portion of the petition, Alexander lists eleven additional items that he contends were "exculpatory (evidence) withheld by the prosecutor at trial." Interwoven with these claims are less-clear references to complaints involving Alexander's request that he be paroled, a masonic affiliation, his representation in separate proceedings for relief before the United States Supreme Court, and grievances about the confiscation of documents by the Arkansas Department of Correction (ADC).
Although the 173-page first amended petition that Alexander filed is also often illegible, it appears to readopt all claims from the original petition. It is far less clear what new claims, if any, Alexander asserts, although ineffective assistance of counsel and diplomatic immunity are referenced. In the first amended petition, Alexander asserts that the "record" in the matter needs to be supplemented with newly discovered evidence, which he appears to contend would be available in proceedings in the trial court, and that this court should permit that court to have a hearing and make findings of fact. Alexander also appears to assert that this court must review the sufficiency of the evidence to sustain the judgment of conviction in these proceedings.
Alexander's 274-page second amendment, 9-page third amendment, and 2-page fourth amendment, which appears to have been intended to clarify the second amendment, are again extremely difficult to decipher, and aside from the titles of the documents, none bears a clear relationship to the original error coram nobis petition. Instead, the second amendment appears to reference unrelated federal proceedings and civil complaints about the conditions of Alexander's incarceration and transfer to another facility. He requests a change of venue to Washington, D.C., calls for the governor to convene a special session on juvenile-sentencing guidelines, references various current and former state and federal judges and officials with no clear connection to the matter, and seeks permission for a secret masonic wedding with a state senator. As in his previous petitions, he describes what he portrays as a masonic ritual with hand gestures accompanied by a distress signal in Morse code, which is *405 signaled through a blinking eye, in a ceremony that he believes should serve to rebuke Satan and cause this court to grant him relief.
Alexander's third and fourth amendments are also extremely difficult to understand. Although parts are legible, the third amendment demonstrates no relationship to the coram nobis proceedings. There is a request for transfer to a different ADC facility, vague complaints about the handling of mail and documents, unclear references to an act of congress, bankruptcy, and a civil case, along with the same consistent reference to the blinking-eye signal. There is nothing that would appear to further Alexander's previous claims or add new ones. The fourth amendment is almost entirely, aside from the cover page identifying its purpose, unintelligible. It again references federal proceedings and people unconnected to either Alexander's trial or the charges, and it requests a number of forms of relief that simply are not available in error coram nobis proceedings.
A writ of audita querela is indistinguishable from a writ of error coram nobis, and this court treats a request for permission to pursue audita querela relief as a petition to reinvest jurisdiction in the trial court to consider a writ of error coram nobis. Munnerlyn v. State , 2018 Ark. 161, 545 S.W.3d 207. Our standard of review for granting permission to reinvest jurisdiction in the trial court to pursue a writ of error coram nobis requires that this court grant permission for a petitioner to proceed only when it appears the proposed attack on the judgment is meritorious. Howard v. State , 2012 Ark. 177, 403 S.W.3d 38. In making such a determination, we must look to the reasonableness of the allegations of the petition and to the existence of the probability of the truth thereof. Id. A court is not required to accept the allegations in a petition for writ of error coram nobis at face value. Wooten v. State , 2018 Ark. 198, 547 S.W.3d 683. No hearing in the trial court is required if the proposed petition clearly has no merit because it fails to state a cause of action to support issuance of the writ. See Ramirez v. State , 2018 Ark. 32, 536 S.W.3d 614.
The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. Jackson , 2018 Ark. 227, 549 S.W.3d 356. Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. Mosley v. State , 2018 Ark. 152, 544 S.W.3d 55.
The writ is allowed under compelling circumstances to achieve justice and to address errors of the most fundamental nature. Wooten , 2018 Ark. 198, 547 S.W.3d 683. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. Id. The writ is only granted to correct some error of fact, and it does not lie to correct trial error or to contradict any fact already adjudicated. Smith v. State , 200 Ark. 767, 140 S.W.2d 675 (1940). A writ of error coram nobis is an extraordinarily rare remedy in which the petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. Jackson , 2018 Ark. 227, 549 S.W.3d 356. Alexander has not met that burden.
*406 With the exception of the alleged Brady claims, none of Alexander's proposed grounds for the writ are cognizable in proceedings for the writ or fall within one of the recognized categories of error to support the writ. A claim of actual innocence is a direct attack on the judgment that is not cognizable in proceedings for a writ of error coram nobis. Ramirez , 2018 Ark. 32, 536 S.W.3d 614. Any challenge to the sufficiency of the evidence also constitutes a direct attack on the judgment and is not cognizable in a coram nobis proceeding. Mosley , 2018 Ark. 152, 544 S.W.3d 55.
Alexander's claims concerning defects in the proceedings that should have been raised during the proceedings-including any claim of immunity or of defects in joinder or the charging instruments-are likewise not cognizable because assertions of trial error that could have been raised at trial are not within the purview of a coram nobis proceeding. Carner v. State , 2018 Ark. 20, 535 S.W.3d 634. Such claims are not within the scope of the limited grounds on which the writ may issue, and a coram nobis action does not provide the petitioner with a means to retry his or her case. Id. Claims that Alexander's counsel was ineffective are also not grounds for the writ. Wooten , 2018 Ark. 198, 547 S.W.3d 683.
As noted, material evidence withheld by the prosecutor is one of the recognized categories of error that may support issuance of the writ. The mere fact that a petitioner alleges a Brady violation, however, is not sufficient to provide a basis for error coram nobis relief. Wallace v. State , 2018 Ark. 164, 545 S.W.3d 767. To establish a Brady violation, three elements are required: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. Id. The petitioner must state a factual basis in support of these elements because claims without a factual basis are not grounds for the writ. Jackson , 2018 Ark. 227, 549 S.W.3d 356.
Alexander's allegations concerning his Brady -violation claims are too vague and conclusory and lack the requisite factual support. Conclusory claims are not a ground for the writ. Green v. State , 2016 Ark. 386, 502 S.W.3d 524. In Alexander's list of eleven additional evidentiary items that he contends were suppressed, he references statements by two individuals, but he fails to provide any specifics as to what was said, attach copies of the statements themselves, or explain how any of the statements would be exculpatory or impeaching. As to his separate allegation of a confession by another person, Alexander declines to identify the persons that he contends would have confessed or detail when the confession occurred or what was stated. Even as to the alleged evidentiary items that Alexander more specifically identifies, some of which would be public documents, he nevertheless fails to explain when and how he discovered these items or how the prosecution suppressed them. Alexander has not attached any of the documents themselves, and it is not apparent from the record if any of this information actually exists. To the extent such evidence does exist somewhere, Alexander does not explain how he learned of its existence or of the prosecution's alleged suppression of that evidence, nor does he explain why he cannot provide such information. The omission of all of this information, without more, significantly undercuts the veracity of Alexander's petition.
In short, none of the claims set forth Alexander's petition are sufficiently supported to warrant error coram nobis *407 relief. To prevail in error coram nobis proceedings, a petitioner must show fundamental error sufficient to preclude entry of the judgment and not simply allege facts that might have produced a different result if known to the judge and jury. Larimore v. State , 327 Ark. 271, 938 S.W.2d 818 (1997). When the petitioner alleges a Brady violation as the basis for a claim of relief in coram nobis proceedings, the facts alleged in the petition must establish that there was evidence withheld that was both material and prejudicial such as to have prevented rendition of the judgment had it been known at the time of trial. Jones v. State , 2017 Ark. 334, 531 S.W.3d 384. Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. Id. The few facts stated by Alexander do not make that showing.
Petition and amended petitions denied; motion moot.