KAREN R. BAKER, Associate Justice
Petitioner Tracy Lee Bryant asks for permission to proceed with a belated appeal of an order denying his pro se petition for writ of error coram nobis. He has also filed a pro se motion requesting that counsel be appointed for the proceedings, a motion seeking to supplement his appeal, a motion to file rule on clerk in which he seeks permission to file pleadings in the matter without a notarized signature, a motion in which he seeks to add "to [his] error coram nobis," a second motion to supplement, and a second motion to add. In his coram nobis petition, Bryant challenged the judgment and commitment order that was entered subsequent to his guilty plea on the charges of aggravated robbery, theft of property, and two counts of theft by receiving.[1] The partial record filed with the motion for belated appeal contains no notice of appeal. Bryant alleges difficulties concerning injuries that he received and gaining access to books as his bases for excusing the procedural default. However, because his coram nobis petition stated no basis for the writ to issue, we deny the motion for belated appeal. The motions for appointment of counsel, to supplement the appeal, to file rule on clerk, "to add to [Bryant's] coram nobis," second motion to supplement, and second motion to add are therefore moot.
Under Arkansas Rule of Appellate Procedure-Criminal 2(e), this court may act on and decide a case in which the notice of appeal was not filed in the time prescribed when a good reason for the omission is shown. Yet this court need not consider the reasons for the petitioner's failure to file a timely notice of appeal when it is clear from the record that the postconviction petition denied was wholly without merit. Latham v. State , 2018 Ark. 44, 2018 WL 897481. An appeal from an order that denied a petition for a postconviction remedy, including the denial of a petition for writ of error coram nobis, will not be permitted to go forward when it is clear that the petitioner could not prevail. Whitney v. State , 2018 Ark. 138, 2018 WL 1957111.
A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. State v. Larimore , 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. Green v. State , 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition had it been known to the trial court and which, through no negligence or *550 fault of the defendant, was not brought forward before rendition of the judgment. Id. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. Roberts v. State , 2013 Ark. 56, 425 S.W.3d 771. The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. Howard v. State , 2012 Ark. 177, 403 S.W.3d 38. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. Id.
The standard of review of an order entered by the trial court on a petition for writ of error coram nobis is whether the trial court abused its discretion in granting or denying the writ. Griffin v. State , 2018 Ark. 10, 535 S.W.3d 261. An abuse of discretion occurs when the court acts arbitrarily or groundlessly. Id. There is no abuse of discretion in the denial of error coram nobis relief when the claims in the petition were groundless. Id.
Bryant asserted three claims in his petition: (1) that his allegations of mental disease or defect were not fully adjudicated; (2) that his guilty plea was coerced; and (3) that his trial counsel was ineffective. This court has repeatedly held that an ineffective-assistance-of-counsel claim is not a ground for the writ. Mosley v. State , 2018 Ark. 152, 544 S.W.3d 55. The other two claims were framed to fall within two of the recognized categories of error that will support the writ but failed to allege any facts to support those claims.
Bryant's competency claim in the petition is not clear. He contends that there was trial error in accepting his plea without having the mental evaluation mandated when his attorney raised the potential for a defense based on mental disease or defect. He alleged that he was prejudiced at the sentencing hearing because he did not have such an evaluation. Yet, as he acknowledges, Bryant's decision to enter a plea of guilt effectively waived any such defense.
To the extent that Bryant alleged he was incompetent to enter his plea, he did not plead any facts in the petition to support that claim and certainly pointed to none outside the record. Bryant noted considerable discussion at his sentencing about his failure to take medications prescribed for bipolar disorder after his release from prison. It is recognized that not every manifestation of mental illness demonstrates incompetence to stand trial. Newman v. State , 2014 Ark. 7, 2014 WL 197789 (citing United States v. Turner , 644 F.3d 713 (8th Cir. 2011) ). The mere fact that Bryant suffered from, and was treated for, a mental illness does not establish his incompetence, and his diagnosis was clearly known at the time of his guilty plea. A defendant in a criminal case is ordinarily presumed to be mentally competent to stand trial, and the burden of proving incompetence is on the defendant. Deason v. State , 263 Ark. 56, 562 S.W.2d 79 (1978). When a petitioner seeking the writ makes no assertion that there was any evidence concerning his incompetence extrinsic to the record, hidden from the defense, or unknown at the time of trial, grounds based on the petitioner's incompetence fail. Martinez-Marmol v. State , 2018 Ark. 145, 544 S.W.3d 49. In sum, Bryant has not shown that there existed some fact-incompetence at the time of his guilty plea-that would have prevented rendition of the judgment had it been known to the circuit court and that, through no negligence or fault of the defendant, was not brought forward before rendition of judgment.
*551 Bryant's final claim of a coerced guilty plea was intertwined with his earlier allegations of incompetency. However, Bryant failed to offer additional facts to support those allegations. Instead, Bryant raised additional issues concerning whether his plea was voluntary, the court's failure to follow proper plea procedure, and ineffective assistance of counsel.
To prevail on a claim that a writ of error coram nobis is warranted because a plea was coerced, the petitioner bears the burden of establishing that the plea was the result of fear, duress, or threats of mob violence as previously recognized by this court as grounds for a finding of coercion. Griffin , 2018 Ark. 10, 535 S.W.3d 261. Bryant alleged no facts to support such a conclusion. Those allegations in a coram nobis petition that appeared to attack a plea of guilty on the basis that it was not entered intelligently and voluntarily fail, because any such claim should have been brought under Arkansas Rule of Criminal Procedure 37.1 and not in a petition for writ of error coram nobis. Smith v. State , 2017 Ark. 236, 523 S.W.3d 354. Issues concerning the trial court's failure to comply with mandatory procedural rules are likewise addressed under Rule 37. Deason , 263 Ark. 56, 562 S.W.2d 79.
Because the only cognizable claims raised in the petition did not state adequate facts to support those claims, the coram nobis petition denied was wholly without merit. It is therefore clear that Bryant can show no abuse of discretion in the denial of relief, and he could not prevail on appeal.
Motion for belated appeal denied; motions for appointment of counsel, to supplement appeal, to file rule on clerk, to add, second motion to supplement, and second motion to add moot.
Hart, J., dissents.
Josephine Linker Hart, Justice, dissenting.
There is no notice of appeal in the record of Mr. Bryant's case. A notice of appeal is necessary to confer jurisdiction on this court. Bray v. State , 375 Ark. 238, 289 S.W.3d 455 (2008) ; Davis v. State , 319 Ark. 171, 889 S.W.2d 769 (1994). Without jurisdiction, this court cannot consider any of Mr. Bryant's motions, much less his appeal. Bray , supra .
The majority has erroneously resorted to the new provisions in Rule 2 of the Arkansas Rules of Appellate Procedure-Criminal. The provision that the majority purports to rely on, Rule 2(e), became effective on January 1, 2019. Most of Mr. Bryant's motions were filed well before Rule 2(e) became effective. His motion for a belated appeal was filed on May 10, 2018. His motion for appointment of counsel was filed on August 20, 2018. His motion to supplement his appeal was filed on October 31, 2018. Accordingly, the jurisdictional defect in this case should have been apparent to the majority more than a year before this case was submitted.
I note further that the majority's interpretation of Rule 2(e) as authority to run roughshod over the due-process rights of an incarcerated pro se litigant is indefensible. Rule 2(e) states:
(e) Failure to Pursue Appeal. Failure of the appellant to take any further steps to secure the review of the appealed conviction shall not affect the validity of the appeal but shall be grounds only for such action as the Supreme Court deems appropriate, which may include dismissal of the appeal. The Supreme Court may act upon and decide a case in which the notice of appeal was not given or the transcript of the trial record was not filed in the time prescribed, when a good reason for the omission is shown by affidavit. However, no motion *552 for belated appeal shall be entertained by the Supreme Court unless application has been made to the Supreme Court within eighteen (18) months of the date of entry of judgment or entry of the order denying postconviction relief from which the appeal is taken. If no judgment of conviction was entered of record within ten (10) days of the date sentence was pronounced, application for belated appeal must be made within eighteen (18) months of the date sentence was pronounced. The court may equitably toll this 18-month deadline if the defendant has pursued his or her rights diligently and some extraordinary circumstance stood in his or her way.
Ark. R. App. P.-Crim. 2(e) (emphasis supplied). The majority has apparently latched onto the phrase "[t]he Supreme Court may act upon and decide a case in which the notice of appeal was not given or the transcript of the trial record was not filed in the time prescribed," without giving effect to the balance of the sentence that includes the clause "when a good reason for the omission is shown by affidavit." Accordingly, the sentence in its entirety is intended to allow this court to excuse what was previously regarded as a fatal defect in an appeal by an incarcerated person upon the establishment of a good reason for the omission.
It is troubling that the majority has construed Rule 2(e), which was intended to safeguard an incarcerated person's constitutional right to appeal, as authority for depriving that person of it.
I dissent.

Bryant notes in the petition that he entered into a negotiated plea agreement involving multiple other criminal charges in other cases, and those judgments are included in the record before us. However, the petition was filed in the single case, 60CR-00-365, in which Bryant entered his plea directly to the court.