RHONDA K. WOOD, Associate Justice
Craig Allen Wade appeals from the denial of his pro se petition for a writ of error coram nobis. Wade alleged that his guilty plea was not voluntarily or intelligently entered because his counsel led him to believe that his sentence would be life, not life without parole. Wade has also filed a motion for an extension of time to file his brief-in-chief. This court will not permit an appeal from the denial of coram nobis relief when it is clearly without merit. Hill v. Kelley , 2018 Ark. 118, 542 S.W.3d 852. Because it is clear from the record that Wade's allegations fail to state a claim for coram nobis relief, the appeal is dismissed, and the motion to file a belated brief-in-chief is moot.
Error coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. Nelson v. State , 2014 Ark. 91, 431 S.W.3d 852. The writ functions to secure relief from a judgment rendered when there existed some fact that would have prevented its rendition had the circuit court known it and, through no fault of the defendant, the fact was not brought forward before judgment. Id. The writ is issued only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. It is available to address errors found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. Id.
In 2016, Wade pleaded no contest to capital murder and aggravated robbery, and the court sentenced him to life imprisonment without parole for the former and to a concurrent sentence of life imprisonment for the latter. In his petition for the writ of error coram nobis, Wade contended that his guilty plea was coerced and not entered voluntarily or intelligently. Wade alleged that he entered into the plea agreement on the "sole belief at that time as explained to him by his attorney of record, that he would be doing a regular life sentence (not life without parole) and after 12 years petitioner could go before *554 the parole board for clemency consideration from the governor."
Wade's allegation amounts to a claim of ineffective assistance of counsel. Such claims are not cognizable in error coram nobis proceedings. Under our state law, coram nobis proceedings are not a substitute for claims of ineffective assistance of counsel under Arkansas Rule of Criminal Procedure 37.1 (2018). State v. Tejeda-Acosta , 2013 Ark. 217, 427 S.W.3d 673. Wade contends that his counsel provided misleading advice with respect to his life sentence and maintains that due to counsel's erroneous advice, he pleaded guilty based on the belief that his life sentence included a possibility of parole.
Wade does not allege any facts that his guilty plea coerced, forced, or a result of fear or duress as required for a writ of error coram nobis in this context. Nelson , 2014 Ark. 91, 431 S.W.3d 852. Wade did not allege that his guilty plea resulted from any form of physical or psychological duress, but instead alleged that he was provided erroneous advice with respect to parole eligibility. Erroneous advice does not render a guilty plea involuntary nor does it support a claim of a coerced plea, providing a basis for coram nobis relief. Green v. State , 2016 Ark. 386, 502 S.W.3d 524.
Appeal dismissed; motion moot.
Hart, J., dissents.
Josephine Linker Hart, Justice, dissenting.
I dissent for the reasons outlined in Gray v. State , 2018 Ark. 79, 540 S.W.3d 658 (Hart, J., dissenting)