Cite as 2019 Ark. 408

# SUPREME COURT OF ARKANSAS
No. CV-19-426

| | |
|---|---|
| MELVIN JEFFERSON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** December 19, 2019<br><br>PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CV-19-179]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br><u>AFFIRMED</u>. |

**RHONDA K. WOOD, Associate Justice**

Melvin Jefferson appeals the circuit court's denial of his pro se petition for writ of audita querela and for relief pursuant to Arkansas Rule of Civil Procedure 60(k) (2018). Because the circuit court did not abuse its discretion, we affirm.

## I. *History*

Jefferson pleaded guilty in 2004 to one count of first-degree domestic battery and two counts of second-degree domestic battery. He was sentenced to an aggregate term of twenty-five years' imprisonment. In 2019, Jefferson filed his petition for writ of audita querela contending that the writ was permitted by Arkansas Rule of Civil Procedure 60(k).[1] In the petition, he sought modification of his sentence on the grounds that the circuit court

---

[1]These petitions are ordinarily filed under the same circuit court docket number as the petitioner's criminal judgment. In this matter, the circuit clerk filed Jefferson's petition under a new civil-case number.

did not adhere to Arkansas Rule of Criminal Procedure 24.4 when it accepted his guilty plea because it failed to inform him of the percentage of time he would need to serve before becoming eligible for parole. In addition, he further alleged that (1) the circuit court lacked jurisdiction; (2) the judgment was invalid because there was no *contra pacem* clause in the charging instrument for each of the three charges and for the declaration that he was charged as a habitual offender; and (3) the Arkansas Department of Correction (ADC) has miscalculated his parole-eligibility date.

The circuit court treated the petition as a petition for writ of error coram nobis. Jefferson argues on appeal that the circuit court did not enter specific findings with respect to his petition and erroneously considered his petition as a petition for writ of error coram nobis petition rather than a petition for writ of audita querela, which is permitted by Rule 60(k). He contends that if the petition had been treated as a petition for writ of audita querela, he would have been entitled to an evidentiary hearing and relief from the judgment.

## II. *Petition for Writ of Audita Querela*

We have held that a writ of audita querela is indistinguishable from a writ of error coram nobis, and a court properly treats a request for permission to pursue audita querela relief as a petition for writ of error coram nobis. *Alexander v. State*, 2019 Ark. 171, 575 S.W.3d 401. Accordingly, it was not error for the circuit court to consider Jefferson's petition as a coram nobis petition. Although Jefferson contended Rule 60(k) authorized him to file this specific petition, it specifically abolished coram vobis and audita querela actions as a procedure for obtaining relief from a judgment. Therefore, any petition for a writ of error challenging a criminal judgment of conviction in this state is clearly a petition for a

2

writ of error coram nobis as it applies in modern law. *Gonder v. State*, 2019 Ark. 156 (citing *Whitney v. State*, 2018 Ark. 138).

III. *Petition for Writ of Error Coram Nobis*

We review a denial of a petition for writ of error coram nobis for abuse of discretion. *Newman v. State*, 2014 Ark. 7. An abuse of discretion occurs when the court acts arbitrarily or groundlessly. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852. There is no abuse of discretion in the denial of error coram nobis relief when the claims in the petition are groundless. *Osburn v. State*, 2018 Ark. 341, 560 S.W.3d 774. The circuit court is not required to hold a hearing on a coram nobis petition if the petition clearly has no merit. *Griffin v. State*, 2018 Ark. 10, 535 S.W.3d 261.

A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). The function of the writ is to secure relief from a judgment when there existed some fact that would have prevented it had it been known to the circuit court and that, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. Error coram nobis proceedings are attended by a "strong presumption" that the judgment of conviction is valid. *Nelson*, 2014 Ark. 91, at 3, 431 S.W.3d at 854.

A writ of error coram nobis is available to address errors that are found in certain categories: insanity at the time of trial; a coerced guilty plea; material evidence withheld by the prosecutor; or a third-party confession to the crime during the time between conviction

3

and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The ADC's calculation of parole eligibility is not within the purview of a coram nobis proceeding.

The allegations that Jefferson raised did not fit within the categories for claims that warrant issuance of a writ of error coram nobis. The circuit court's ruling that Jefferson's allegations should have been raised when the plea was entered in 2004 or in a timely petition under Rule 37.1 was a correct statement of law. If there were flaws in the guilty-plea proceeding, Jefferson's remedy was to raise those issues under Rule 37.1. *See Love v. Kelley*, 2018 Ark. 206, 548 S.W.3d 145 (noting that irregularities in the guilty-plea proceeding are properly raised under the rule). Error coram nobis proceedings are not a substitute for proceeding under Rule 37.1 to challenge the validity of a guilty plea, nor are the two proceedings interchangeable. *White v. State*, 2015 Ark. 151, 460 S.W.3d 285; *see also Nelson*, 2014 Ark. 91, 431 S.W.3d 852.

An allegation of ineffective assistance of counsel is not cognizable in a coram nobis proceeding. *White*, 2015 Ark. 151, 460 S.W.3d 285. Even when counsel's advice is erroneous or improvident, the petitioner has not stated a ground for a writ of error coram nobis because poor advice does not constitute a fundamental error of fact extrinsic to the record that warrants issuance of the writ. *See Green v. State*, 2016 Ark. 386, 502 S.W.3d 524.

Affirmed.

HART, J., concurs.

4

**JOSEPHINE LINKER HART, Justice, concurring.** I agree that the circuit court did not err in denying Mr. Jefferson's petition for a writ of audita querela. However, I concur in the result for the reason stated in my concurrence in *French v. State*, 2019 Ark. 388.

I concur.

*Melvin L. Jefferson*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.