Cite as 2020 Ark. 160

# SUPREME COURT OF ARKANSAS

No. CR-19-547

| | | |
|---|---|---|
| CONRAY CARROLL | | **Opinion Delivered:** April 23, 2020 |
| | APPELLANT | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SECOND DIVISION; PETITION FOR ADMINISTRATIVE PROCEDURE ACT AND MANDAMUS; MOTIONS FOR COPIES AT PUBLIC EXPENSE, FOR APPEAL BOND, TO DISMISS INDICTMENT FOR FAILURE TO PRESENT EXCULPATORY EVIDENCE, AND TO INSPECT PHYSICAL EVIDENCE AND RESULTS OF SCIENTIFIC TESTS [NO. 60CR-96-1529] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | |
| | | HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE |
| | | AFFIRMED; PETITION MOOT; MOTIONS DENIED. |

**ROBIN F. WYNNE, Associate Justice**

In 1997, judgment was entered reflecting that appellant Conray Carroll had pleaded guilty to rape, for which he was sentenced as a habitual offender to 720 months' imprisonment. On April 16, 2019, Carroll filed a motion in the circuit court for leave to file a petition for writ of error coram nobis alleging several grounds for relief including claims of an invalid arrest warrant, actual innocence, prosecutorial misconduct, and a coerced guilty plea. The circuit court denied the motion, and it is from that denial that

Carroll appeals. Because Carroll does not demonstrate that the circuit court abused its discretion in declining to issue the writ, we affirm.[1]

## I. *Standard of Review*

We review a circuit court's decision on a petition for writ of error coram nobis for abuse of discretion. *Newman v. State*, 2014 Ark. 7. An abuse of discretion occurs when the court acts arbitrarily or groundlessly. *Brown v. State*, 2019 Ark. 348, 587 S.W.3d 550. A writ of error coram nobis is an extraordinarily rare remedy. *Gordon v. State*, 2019 Ark. 344,

---

[1]After the appeal was lodged here, Carroll filed a petition for "Administrative Procedure Act and Mandamus" relief, a motion to dismiss indictment for failure to present exculpatory evidence, and a motion to inspect physical evidence and results of scientific tests. Because we affirm the circuit court's denial of relief, the petition for "Administrative Procedure Act and Mandamus" is rendered moot, and the motion to dismiss indictment for failure to present exculpatory evidence and motion to inspect physical evidence and results of scientific tests are denied.

Carroll also filed a motion seeking "records" pursuant to "Administrative Order 19." Rule 19(b) of the Arkansas Rules of Appellate Procedure–Criminal (2019) states that a convicted offender who seeks, at *public expense*, a copy of an appellate brief, the trial record, or a transcript, must file a motion in the court stating that he or she has requested the documents from *his or her counsel* and that counsel did not provide the documents. Carroll makes no mention of counsel or that he has previously requested any documents. Moreover, indigency alone does not entitle a petitioner to photocopies at public expense. *Oliver v. State*, 2019 Ark. 139. To be entitled to copies at public expense, a petitioner must demonstrate a compelling need for copies as documentary evidence to support an allegation contained in a timely petition for postconviction relief. *Id.* Carroll, a pro se appellant, has made no assertion of compelling need and requests documents that are not in the record on appeal; therefore, the motion for copies at public expense is denied.

Carroll also requests that he be released on bond. There is no provision in the appellate rules of procedure that provides for a petitioner's release on bond or bail pending postconviction proceedings; therefore, Carroll's motion for appeal bond is also denied.

2

588 S.W.3d 342. Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Wooten v. State*, 2018 Ark. 198, 547 S.W.3d 683.

## II. *Nature and Grounds for the Writ*

The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and that, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Gordon*, 2019 Ark. 344, 588 S.W.3d 342. The writ is issued only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Wade v. State*, 2019 Ark. 196, 575 S.W.3d 552. It is available to address errors found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal.[2] *Id*. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Wooten*, 2018 Ark. 198, 547 S.W.3d 683. The petitioner must state a factual basis to support his or her allegation of error—and not simply rely on a conclusory allegation—in order to state a cause of action that would support issuance of the writ. *Gordon*, 2019 Ark. 344, 588 S.W.3d 342.

## III. *Claims for Issuance of the Writ*

---

[2]We have also recognized that repudiated expert testimony may be grounds for the writ. *Strawhacker v. State*, 2016 Ark. 348, 500 S.W.3d 716.

## A. Arrest Warrant

Carroll contends on appeal as he did below that the arrest warrant was defective.[3] This court has made clear that the trial court's jurisdiction to try an accused does not depend on the validity of the arrest of the accused, and a defective arrest does not, standing alone, vitiate a valid conviction. *Smith v. State*, 2016 Ark. 201, 491 SW.3d 463. Moreover, Carroll makes no assertions that he was unaware of the alleged faults with the arrest warrant at the time of his trial.[4] *Martinez-Marmol v. State*, 2018 Ark. 145, 544 S.W.3d 49. Carroll fails to demonstrate that there was an error of fact extrinsic to the record that could not have been raised in the trial court. *See id.*

## B. Actual Innocence

Carroll next claims that no hair-follicle or DNA evidence was taken from him to make a DNA comparison with evidence from the crime scene. In essence, Carroll makes a claim of actual innocence. To the extent Carroll claimed that he was actually innocent of

---

[3]Although Carroll's contention is unclear, he appears to claim that the circuit court and the prosecutor violated the Equal Protection Clause, and he cites a violation of federal law under 42 U.S.C. §§ 1985 and 1986, contending the circuit court and the prosecuting attorney had knowledge of the law and neglected to correct the wrong against Carroll regarding the arrest warrant and the failure to introduce a DNA laboratory report that was used to support his conviction for rape—an argument addressed separately in this opinion. Notwithstanding the fact that the argument is raised for the first time on appeal, the nature of the argument is not cognizable in a coram nobis proceeding because it does not allege insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession during the time between conviction and appeal. *See Scott v. State*, 2017 Ark. 199, 520 S.W.3d 262; *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524.

[4]When a defendant enters a plea of guilty, the guilty plea is the trial. *Crockett v. State*¸ 282 Ark. 582, 669 S.W.2d 896 (1984).

4

the offense for which he was convicted, that assertion does not establish a ground for the writ because it constitutes a direct attack on the judgment and is not cognizable in a coram nobis proceeding. *Scott*, 2017 Ark. 199, 520 S.W.3d 262.

## C. Prosecutorial Misconduct

Carroll argues that the prosecutor withheld or failed to introduce the "machine printout or the raw results of a laboratory analysis." He further argues that the prosecutor failed to call an expert to interpret the test results and establish the chain of custody and the reliability of the laboratory, and as a result, the State failed to meet its burden of proof.[5] This court is not required to accept the allegations in a petition for writ of error coram nobis at face value. *Green*, 2016 Ark. 386, 502 S.W.3d 524. The claims raised by Carroll regarding the printout and laboratory analysis are ones in which he contends that evidence was withheld from the trial court—not the defense—which does not establish a *Brady* violation. *See Joiner v. State*, 2019 Ark. 279, 585 S.W.3d 161 (claim that evidence was withheld from the jury did not establish a *Brady* violation as it was not evidence withheld from the defense). Carroll fails to provide any supporting evidence for his claims, and the evidence that Carroll did provide demonstrates that no evidence was in fact collected and no analysis was conducted regarding his case, which would have been known at the time of

---

[5]Carroll makes a vague argument that the prosecutor's misconduct was perpetuated because the trial judge, a former prosecutor, was biased. Carroll raises this argument for the first time on appeal, and we do not address new arguments raised for the first time on appeal; nor do we consider factual substantiation added to bolster the allegations made below. *Hall v. State*, 2018 Ark. 319, 558 S.W.3d 867.

his plea.[6]  Allegations of prosecutorial misconduct that could have been raised at trial, including the failure to disclose information known at the time, does not warrant coram nobis relief. *Joiner*, 2019 Ark. 279, 585 S.W.3d 161; *Martinez-Marmol*, 2018 Ark. 145, 544 S.W.3d 49.

### D. Coerced Guilty Plea

Carroll contends that the circuit court erred by denying his claim that his guilty plea was coerced. Specifically, Carroll claims that he was told by his trial counsel and the prosecutor that he would never see freedom or his family again if he did not plead guilty and that "by use of police trickery or by appeal to the emotions and fears of the suspect, the government can elicit an involuntary confession." In the same vein, Carroll also contends that his plea could not have been voluntary because he did not receive adequate legal advice, only has an eighth-grade education, lacks a high IQ, and has no legal training. Carroll failed to allege sufficient facts to state a cognizable coram nobis claim.

To prevail on a claim that a writ of error coram nobis is warranted because a plea was coerced, the petitioner bears the burden of establishing that the plea was the result of fear, duress, or threats of mob violence as previously recognized by this court as grounds for

---

[6]In connection with this prosecutorial-misconduct claim, Carroll appears to reference the Confrontation Clause and his right to confront the witnesses and evidence against him—a claim raised for the first time on appeal. *See Hall*, 2018 Ark. 319, 558 S.W.3d 867. As noted previously with respect to Carroll's equal-protection argument, his right-to-confront claim is not cognizable in a coram nobis proceeding. Carroll's right-to-confront claim does not encapsulate any of the four categories on which coram nobis relief may be based. Moreover, Carroll pleaded guilty and waived the right to trial and to confront witnesses. *See Scott*, 2017 Ark. 199, 520 S.W.3d 262.

a finding of coercion. *French v. State*, 2019 Ark. 388, 589 S.W.3d 373. The allegation that a guilty plea was coerced because it was involuntarily or unknowingly given as a result of erroneous advice does not constitute a showing of a coerced plea within the scope of a coram nobis proceeding. *Pugh v. State*, 2019 Ark. 319, 587 S.W.3d 198; *see Green*, 2016 Ark. 386, 502 S.W.3d 524 (Erroneous advice regarding parole-eligibility status did not support a claim of a coerced plea and thus did not provide a basis for coram nobis relief.). The contention that a petitioner was induced to plead guilty by fear of receiving a more severe sentence at trial is not a ground for the writ because the mere pressure to accept a plea offer occasioned by the fear of a more severe sentence is not considered coercion. *Gray v. State*, 2018 Ark. 79, 540 S.W.3d 658 (The threat of the possibility of a life sentence that produced the mere pressure to plead guilty was not considered coercion.).

The circuit court's order denying relief references Carroll's habitual-offender status with two prior felony convictions, and that he was charged with rape, a Class Y felony, subject to a maximum sentence of life imprisonment. Carroll was sentenced to a term of less than life imprisonment subject to his plea agreement—which he does not claim is contrary to the terms of his negotiated plea. Carroll did not demonstrate that he was coerced to plead guilty such that the writ should issue. If there were flaws in the guilty-plea proceeding, Carroll's remedy was to raise those issues in a timely Rule 37.1 postconviction petition and proceeding. *See Love v. Kelley*, 2018 Ark. 206, 548 S.W.3d 145 (noting that irregularities in the guilty-plea proceeding are properly raised under the Rule).

IV. *Due Diligence*

7

Although Carroll contends that the circuit court should not have considered due diligence in denying his petition for writ of error coram nobis, due diligence is required in making an application for coram nobis relief. *Gordon*, 2019 Ark. 344, 588 S.W.3d 342. In the absence of a valid excuse for the delay in bringing the petition, the petition can be denied on that basis alone. *Id.*; *see Makkali v. State*, 2019 Ark. 17, 565 S.W.3d 472. Due diligence requires that (1) the defendant be unaware of the fact at the time of trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) upon discovering the fact, the defendant did not delay bringing the petition. *Malone v. State*, 2019 Ark. 273, 584 S.W.3d 676. The record shows that the judgment and commitment order was entered on May 30, 1997, reflecting Carroll's guilty plea. It has been over twenty years since Carroll was convicted as a result of his plea, and he failed to diligently proceed on his claim for coram nobis relief.

Affirmed; petition moot; motions denied.

*Conray Carroll*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.